14862

NETTLES v. LIGHTSEY *ET AL.*

(2 S. E. (2d), 481)

*Messrs. Samuel Want, D. McK. Winter, Wm. P. Done-lan, Fred Townsend* and *Harry M. Lightsey,* for appellants,

*Messrs. Eugene S. Blease, Stephen Nettles* and *John I. Cosgrove,* for respondent,

April 10, 1939.

*Per curiam.*

This is an action which has for its purpose the enforcement of the statutory liability attaching to 1,755 shares of the capital stock of the Peoples State Bank of South Carolina, regisered on the books of the bank, at the time the bank closed, in the name of The Glenn Corporation, a corporation organized and chartered under the laws of South Carolina, in August, 1930. The above-stated shares of stock, prior to October 3, 1930, were owned by E. C. Glenn who, on the last-mentioned date, transferred same to The Glenn Corporation. The Glenn Corporation was organized and set up by E. C. Glenn as a holding company for said bank shares, and the stock transferred to it was its sole asset when the Peoples State Bank of South Carolina closed its doors on account of insolvency. E. C. Glenn departed this life on or about June 5, 1935, testate, and the appellants are the duly qualified executors of his estate.

The foregoing statement of facts is taken from the complaint; and the demurrer thereto filed herein necessarily admits them to be true.

It is also stated in the complaint that the stock of The Glenn Corporation "was wholly owned or controlled by" E. C. Glenn, which is a mixed question of law and fact.

Paragraphs six and seven of the complaint, based upon the foregoing stated facts, allege the following legal conclusions:

"Sixth: That the transfer of said bank shares by E. C. Glenn to the said corporation was illegal, null and void, as said corporation under the law of South Carolina (Sec. 7677, Civil Code, 1932), was legally incapable of holding said bank stock and assuming the constitutional liability attaching thereto.

"Seventh: That, consequently, the said E. C. Glenn, as transferer, was the real owner of said shares when the bank closed, and as such became liable for the assessment thereto attaching upon the insolvency of said banking institution."

The appellant demurred to the complaint, the following being a copy of so much thereof as raises the question involved in this appeal:

"That there is a defect of parties defendant to the action in that, upon the facts set forth in the complaint, under the decision of the Supreme Court of South Carolina in the case of *Joseph L. Nettles, Receiver, v. Albert Sottile et al.* (184 S. C., 1, 191 S. E., 796), decided April 14th, 1937, the liability upon the cause of action set forth in the complaint is against the stockholders of the Glenn Corporation, and not against these defendants.

"That the complaint does not set forth facts sufficient to constitute a cause of action against the defendants in that,

(a) Under the decision of the Supreme Court of South Carolina in the case of *Joseph L. Nettles, Receiver, v. Albert Sottile et al.* (184 S. C., 1, 191 S. E., 796), the facts set forth in the complaint would involve liability only on the part of the stockholders of the Glenn Corporation, according to their respective interests as stockholders of that Corporation, if liability against any party may be predicated upon said complaint."

The trial Judge in a well-considered order overruling the demurrer, after setting forth the identical portion thereof as is above set out, states: "These two grounds really make but one point and that is, that under the allegations of the complaint the stockholders of the Glenn Corporation are liable, if anyone is liable, for the assessment attaching to the bank shares owned by the corporation when the bank closed and that, consequently, the defendants to this action cannot be held responsible. Thus, they say that there is a defect of parties defendant by reason of the absence of the stockholders of The Glenn Corporation as parties to this suit, and further, they contend that for the reasons stated, the defendants named are in no way liable in the premises."

The real and sole question presented by this appeal is: Where an individual, the owner of bank shares, transfers the same to a corporation which is merely a holding company for the bank stock, owning no other assets, does the extra liability attaching to such bank shares when the bank closes rest exclusively upon such stockholders of the transferee corporation as had knowledge of such attempted acquirement of the bank stock by the corporation, to the extent of the stock owned by them in the corporation, or may the Receiver of the stockholders' liability elect, and/or maintain an action against either or both the stockholders of the transferee corporation having knowledge and being responsible for the *ultra vires* acts of the corporation, and the transferor of the bank stock?

The question before the Court in *Nettles, Receiver, v. Sottile et al.* reported in 184 S. C., 1, 191 S. E., 796, 808, was not whether the stockholders of Palmetto Brokerage Company having knowledge and being responsible for the *ultra vires* acts of the corporation in acquiring bank stock were exclusively liable for the statutory liability on such bank stock, but whether an action for this statutory liability was maintainable against them, and were they liable therefor.

The result of this decision was the holding that where a corporation takes the benefit of an *ultra vires* contract, while it cannot be used thereon, such of the stockholders thereof having knowledge and being responsible for the *ultra vires* acts of the corporation will be responsible for the contract and/or estopped from setting up the disability of the corporation when sued on the contract.

It is true that in the decree or order of the Circuit Judge in the *Sottile case,* which order or decree was by this Court affirmed as modified, considerable was said concerning the fraudulent transfer of the bank stock to the corporation, but all allegations of the complaint in that case alleging fraud, or intent to thus evade the statutory liability on the stock transferred to the corporation, were denied by the answer, and the demurrer was to the answer thereby, for the purpose of the demurrer, admitting the allegations of the answer to be true. Therefore, that case was on all fours with the case under discussion *as to the facts.*

In that case, as in this case, the corporations to which bank stock was transferred were South Carolina corporations, and the only assets of either was bank stock, and the corporations were organized and set up as holding companies by the owners of the bank stock transferred to them. In these circumstances, and without regard to the actual intent of the transferor, such constituted a construcive fraud.

The reporting of the decree of the Circuit Judge as directed by the opinion in the *Sottile case* for that it "states so clearly the cardinal facts and issues" has no doubt led to some confusion. But in writing the opinion of the Court, after setting out a few preliminaries, Mr. Justice Bonham stated:

"The court is satisfied with the disposition made by the circuit decree of the issues made by the exceptions, except as to certain modifications hereinafter set forth.

"In other words, the court is satisfied with the conclusion that the plaintiff had the right to bring this action,

and that he is not debarred from maintaining it by reason of having made an election of remedies. The court likewise concurs in the conclusion reached by the circuit court, to wit: 'The ownership of bank shares by a private corporation in South Carolina is not valid and legal, but, on the contrary, is illegal and void. A court of equity, therefore, will look through the corporate entity of the corporation to the real owners of the bank shares, to wit, its stockholders, and assess against them the liability attaching to the ownership thereof.'

"If this language be confined in its application to this case alone, there is no question of its pertinency; nor is there a doubt that it is a sound proposition of law in its proper application.  *  *  *"

It will be noted that the last portion of the second paragraph just above quoted was taken from the Circuit Court decree, and that the succeeding paragraph modifies it. In addition, the opinion states, 184 S. C., at page 33, 191 S. E., at page 809:

"Let it be borne in mind that this Court approves the rule declared by the circuit court, to wit: 'Where the corporate form of organization is adopted or a corporate entity is asserted *in an endeavor to evade a statute or to modify its intent,* courts will disregard the corporation or its entity and look to the substance or reality of the matter.' (Italics added."

"If,  *  *  *  the circuit court meant to limit its language to cases in which a corporation has held the stock as a 'plan or scheme' to evade liability, or perpetrate a fraud, with such application we have no fault to find; but, if it is intended to say that in every instance in which a private corporation in this state has bought bank stock as an investment the stockholders may be held individually liable for the stock, we think the proposition is too broad,  *  *  *."

Whether a suit be at law or in equity, equitable principles may be invoked. Depositors, as creditors, have a right to pursue one or more remedies until the ob-

ligation created by the statute against the owners of stock is satisfied; and as stated in the Circuit decree in the *Sottile case,* "Courts favor creditors and the payment of obligations, and they will not loosely·interpose barriers in the way of collection of just debts. The pursuit of several remedies is fully recognized, though, of course, there can be but one satisfaction."

We do not understand that, except for the *Sottile case,* appellants would take the position that the estate of E. C. Glenn would not be liable for the statutory liability on the stock transferred by him to The Glenn Corporation. Therefore, we have confined this opinion to the issue.

We must conclude that the transferor-owner of bank stock to a South Carolina corporation cannot thereby escape the statutory liability attaching thereto.

The order overruling the demurrer, interposed by appellants, is affirmed.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BONHAM, BAKER and FISHBURNE concur.

MR. JUSTICE CARTER did not participate on account of illness.